NICHOLAS VASSALLO
United States Attorney
JASMINE M. PETERS (WY Bar # 7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
jasmine.peters@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WALTER D. CLAPP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, UNITED ) <br> STATES DEPARTMENT OF THE INTERIOR, ) <br> NATIONAL PARK SERVICE, and ) <br> YELLOWSTONE NATIONAL PARK ) <br> SUPERINTENDENT CAMERON SHOLLY, in his ) <br> official capacity, ) <br> ) <br> Defendants. ) | Case No. 2:23-cv-00133-ABJ |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendants, by and through the United States Attorney for the District of Wyoming and Assistant United States Attorney Jasmine M. Peters, submits *Defendants' Brief in Support of Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(6).

#### INTRODUCTION

Plaintiff Walter D. Clapp is a licensed attorney in Montana and is campaigning to be the next president of the United States. As part of his presidential campaign, Plaintiff asked the

National Park Service ("NPS") for permission to drive a team of horses (accompanied by up to two dogs) and a wagon through developed areas in Yellowstone National Park ("YNP"). Plaintiff's request to drive his horses and wagon on the roadway through the developed areas of YNP was denied pursuant to 36 C.F.R. § 2.16 and the YNP Superintendent's Compendium. In an effort to obtain a preliminary injunction against Defendants, Plaintiff filed a complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and "Request for Emergency Preliminary Injunction."

The Court should dismiss the complaint with prejudice because Plaintiff cannot maintain a *Bivens* cause of action against the United States, federal agencies, or a federal agent in his official capacity. In addition, any amendment to the complaint would be futile because *Bivens* does not extend to Plaintiff's First Amendment claims.

## BACKGROUND

On July 6, 2023, Plaintiff applied for a special use permit to drive a team of horses (accompanied by up to two dogs) and a wagon through YNP as part of his presidential campaign, among other requests. (*See* Doc. 1 at 4–8, 10–11). The NPS discussed the special use permit with Plaintiff at length and, ultimately, denied Plaintiff's request to drive his wagon and horses through YNP's developed areas[1] under 36 C.F.R. § 2.16 and the Superintendent's Compendium. (*See id.* at 12–15). Although Plaintiff was denied the ability to drive his horses in the developed areas, the NPS worked to accommodate Plaintiff's requests and prepared a permit for him to engage in activities that extended beyond speaking at the designated First Amendment locations. (*See id.* at

---

[1] "Developed area means roads, parking areas, picnic areas, campgrounds, or other structures, facilities or lands located within development and historic zones depicted on the park area land management and use map." 36 C.F.R. § 1.4.

15 (explaining Plaintiff's "requested date and time modifications" would be "reflected in the permit")). Plaintiff left YNP without accepting the permit.

On July 28, 2023, Plaintiff filed a "Request for Emergency Preliminary Injunction" and Complaint for Violation of Civil Rights under *Bivens*. (*Id.* at 1). He claimed a violation of his First Amendment right to speak in a presidential campaign and sought a preliminary injunction. (*Id.* at 4). Defendants filed a response to the request for a preliminary injunction on August 11, 2023, and this Court heard testimony and arguments on September 11, 2023. (Doc. 6); (Doc. 12). At the hearing, the Court took the matter under advisement. (Doc. 12).

## LEGAL FRAMEWORK

### A. Failure to State a Claim

A motion under Rule 12(b)(6) should be granted if the plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When reviewing a complaint under Rule 12(b)(6), the Court accepts as true the well-pleaded factual allegations and views the allegations in the light most favorable to the movant. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). The Court's function is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (citation omitted). The Court is not to weigh the potential evidence. *Id.* In making this determination, the Court must decide if "the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007))).

### B. Bivens and its Progeny

In its 1971 decision in *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's

constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). Since then, the Supreme Court has recognized *Bivens* claims in only three contexts and otherwise "consistently refused to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted). The three cases in which the Supreme Court implied a remedy are *Bivens*, which concerned a Fourth Amendment claim that drug-enforcement officers entered a home and seized a suspect in that home without a warrant; *Davis v. Passman*, 442 U.S. 228 (1979), which held that the Fifth Amendment gave a remedy to a secretary fired because of her sex; and *Carlson v. Green*, 446 U.S. 14 (1980), which involved an Eighth Amendment claim that jailers failed to treat a prisoner's asthma.

After its 1980 decision in *Carlson*, the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernández v. Mesa*, 140 S. Ct. 735, 743 (2020). The Court shifted its approach as it began to "'appreciate more fully the tension between' judicially created causes of action and 'the Constitution's separation of legislative and judicial power.'" *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022) (quoting *Hernández*, 140 S. Ct. at 741).

Now, creating a new cause of action under *Bivens* is considered "a significant step under separation-of-powers principles." *Abbasi*, 582 U.S. at 133. Although the Supreme Court allowed lower courts to take that step in the past, it now takes a different approach and holds that "expanding the *Bivens* remedy is . . . a 'disfavored' judicial activity." *Id.* at 135. When a court expands the *Bivens* remedy, it necessarily "determine[s] that it has the authority . . . to create and enforce a cause of action for damages" and thereby encroaches on an area over which "Congress"—not the Judiciary—has "substantial responsibility." *Id*. at 133–35. Thus, the Supreme Court holds that "the courts must refrain from creating the [*Bivens*] remedy" if "there are sound

reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law." *Id.* at 137.

In its recent decisions, the Supreme Court has "framed the [*Bivens*] inquiry as proceeding in two steps," asking whether the case presents a new context, and, if so, whether special factors counsel hesitation in extending the *Bivens* remedy. *Egbert*, 142 S. Ct. at 1803; *see Hernández*, 140 S. Ct. at 743. But those two steps generally "resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. Because judicial creation of a damages remedy implicates "the Constitution's separation of legislative and judicial power," the Supreme Court has cautioned that "'even a single sound reason to defer to Congress' is enough to require a court to refrain from creating such a remedy." *Id.* at 1802–03 (citation omitted); *see Hernández*, 140 S. Ct. at 741.

## ARGUMENT

Typically, this Court will liberally construe the filings of a *pro se* litigant and hold him to a less stringent standard than those drafted by attorneys. *See Brooks v. Colorado Dep't of Corr.*, 730 Fed. App'x 628, 629 (10th Cir. 2018); *United States v. Hald*, 8 F.4th 932, 949 n.10 (10th Cir. 2021). Although Plaintiff is *pro se*, he is a licensed attorney in Montana. *See* Member Directory (montanabar.org). Therefore, the normal deference provided to *pro se* litigants does not apply here. *See e.g.*, *Smith v. United States*, 2014 U.S. Dist. LEXIS 42202, at *6 n.2 (D. Colo. Feb. 6, 2014), *recommendation adopted by* 2014 U.S. Dist. LEXIS 42199 (D. Colo. Mar. 28, 2014) ("[A] plaintiff's 'status as a licensed attorney reduces the deference to which he is entitled as a pro se litigant.'"); *Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d 264, 271 (S.D.N.Y. 2001) (finding an attorney admitted to the bar does not merit traditional pro se deference).

The Court should dismiss the complaint with prejudice because Plaintiff cannot maintain a *Bivens* action against Defendants or for alleged First Amendment violations. Accordingly, any amendment to the complaint would be futile.

### A. The Court should dismiss the complaint with prejudice because Plaintiff cannot maintain a *Bivens* action against Defendants.

Plaintiff cannot maintain a *Bivens* action against the United States, federal agencies, or a federal agent in his official capacity. This Court has recognized that "a *Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." (*Jackson-Mackay v. United States Marshals Service et al.*, Docket No. 0:22-cv-00029-ABJ, Doc. 9 at 7 (quoting *Smith*, 561 F.3d at 1099)).

Plaintiff is an attorney-trained *pro se* litigant who filed a lawsuit under *Bivens* against various defendants who are not subject to suit. For this reason, the Court should dismiss the complaint with prejudice. Dismissal with prejudice is appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted). Because Plaintiff cannot sue Defendants under *Bivens*, the Court should dismiss the complaint with prejudice.

### B. The Court should not allow Plaintiff to amend his complaint or substitute parties because *Bivens* does not extend to his claims.

In Defendants' response to Plaintiff's request for a preliminary injunction and at the preliminary injunction hearing, Defendants alerted the Court to the fundamental defects in the complaint. In response, Plaintiff asked the Court to "reform" the complaint and to substitute defendants *sua sponte*. Because "[i]t is not . . . the 'proper function of the district court to assume

the role of advocate for the *pro se* litigant[,]'" Plaintiff's request should be denied. *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

In addition, any amendment to the complaint would be futile because *Bivens* does not extend to Plaintiff's First Amendment claims. For this Court to extend the *Bivens* remedy, it must find this case presents a new context and that no special factors counsel hesitation in extending the remedy. *Egbert*, 142 S. Ct. at 1803. A case presents a "new context" if it is "different in a meaningful way" from *Bivens*, *Passman*, and *Carlson* or "involves a new category of defendants." *Hernández*, 140 S. Ct. at 743. In *Egbert*, the Supreme Court noted that it has "never held that *Bivens* extends to First Amendment claims." *Egbert*, 142 S. Ct. at 1807 (citation omitted). Therefore, the Court should find Plaintiff's First Amendment claims arise in a new context. *Id.*; *see also Abbasi*, 582 U.S. at 138–40.

Although this case presents a new context, special factors counsel against extending the *Bivens* remedy. *See Egbert*, 142 S. Ct. at 1807–08. In *Egbert*, the Supreme Court explained "[t]here are many reasons to think that Congress, not the courts, is better suited to authorize such a damages remedy" in a First Amendment retaliation case. *Id.* at 1807. The Supreme Court recognized "the 'prospect of personal liability' under the First Amendment would lead 'to new difficulties and expense.'" *Id.* (citation omitted). The Supreme Court explained that when the judiciary recognizes any new *Bivens* action, it "entail[s] substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Id.* (alteration in original) (citation omitted). "Extending *Bivens* to alleged First Amendment violations would pose an acute risk of increasing such costs." *Id.* As the Supreme Court found in *Egbert*, this Court should find Congress is better suited to authorize a damages

remedy for alleged First Amendment violations. Therefore, under *Bivens* and its progeny, the Court should conclude that any amendment to Plaintiff's complaint would be futile.

## CONCLUSION

This Court should dismiss the complaint with prejudice because Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff cannot maintain a *Bivens* action against the United States, federal agencies, or a federal agent in his official capacity. Furthermore, the Court should deny any request to amend the complaint because *Bivens* does not extend to Plaintiff's First Amendment claims.

Dated October 3, 2023

> NICHOLAS VASSALLO
> United States Attorney
>
> By:   */s/ Jasmine M. Peters*
> JASMINE M. PETERS
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Brief in Support of Motion to Dismiss* was filed and served on October 3, 2023 by the following means:

| Walter D. Clapp | [ ] By Facsimile |
| 301 North Platt | [X] By U.S. Mail – postage prepaid |
| P.O. Box 2043 | [ ] By Hand Delivery |
| Red Lodge, MT 59068 | [ ] By Overnight Courier |
| | [ ] By Electronic Mail |
| | [X] By Electronic Filing |

> */s/ Rob Gaulke*
> Rob Gaulke
> United States Attorney's Office