Walter D. Clapp
5 Pepsi Dr., Ste 107
P.O. Box 2043
Red Lodge, MT 59068
Telephone: (406) 272-3738
walter@clapp24.us



**FILED**

*4:57 pm, 10/17/23*

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
### For the District of Wyoming
### Civil Division

| | |
|---|---|
| Walter D. Clapp, <br><br> Plaintiff, <br> v. <br><br> United States of America, Department of Interior, National Park Service, Superintendent of Yellowstone National Park, and Does 1-10, <br><br> Defendants. | Case No. 2:23-CV-00133-ABJ |

### PLAINTIFF'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS

Walter D. Clapp submits the following response to the Government's Motion to Dismiss under penalty of perjury.

### INTRODUCTION

I seek an *injunction* against the U.S. Congress and the Agents to which it has delegated combined rulemaking and executive authority over 1st Amendment activity to be conducted in our Nation's Parks. My claim rests on the authority of the 1st Amendment to our Constitution and *Marbury v. Madison*, 5 U.S. 137 (1803). In *Marbury,* another equitable remedy was sought, a *writ*. Instead of the writ being granted, a law was, for the first time, declared unconstitutional. Here, the injunction should be granted, and certain laws and regulations declared unconstitutional.

According to *Yes On Term Limits, Inc. v. Savage*, 550 F.3d 1023 (10th Cir. 2008)*,* strict scrutiny of the Government's actions applies to regulations affecting core political speech, where

1st Amendment protections are at their zenith. Despite the fundamentally protected nature of my grievance against a bureaucratic quagmire of 1st Amendment permit regulations, the government's attorney claims "any amendment to [my] complaint would be futile." (Government's Motion to Dismiss, p.1).

That is incorrect. As in *Clark v. Commun. For Nonviolence*, 468 U.S. 288 (1984), I am alleging that Congress and its delegated Agents are violating my 1st Amendment rights via its 1st Amendment Permitting Scheme. The pleading bar has been satisfied.

## LEGAL FRAMEWORK

I sought in my complaint only nominal damages and an Injunction. I used a Government form, titled "Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (non-prisoner)". The boxes constrained me to 1983 and/or Bivens. I wrote in blue pen my request for Injunctive relief, which translates to an additional cause of action arising in equity.

I. *Equity*

"A court of equity is a type of court with the power to grant remedies other than monetary damages." *See* https://www.law.cornell.edu/wex/court_of_equity#:~:text=In%20the%20United%20States%2C%20the,examples%20of%20courts%20of%20equity. – last accessed August 16, 2023 at 11:00 a.m.

I seek nominal, injunctive, and declaratory damages. *See also* "Getting into Equity" by Samuel L. Bray and Paul B. Miller in the Notre Dame Law School, Volume 97, Issue 5 (2022) (discussing injunctions as equitable remedies). Available at: https://scholarship.law.nd.edu/cgi/viewcontent.cgi?article=5023&context=ndlr&utm_medium=email – last accessed August 16, 2023 at 11:00 a.m.

As Bray and Miller note, because this Court sits in Equity "there is more to a preliminary injunction than just applying *Winter v. Natural Resources Defense Council* [or any one case]." *Id*. At p. 1797. Instead of rote application, Equity is about the story in relation to the public interest.

Here, *the public interest stated in the 1st Amendment weighs strongly in favor* of allowing the speech, press, and assembly I have proposed in a reasonable time, place, and manner. Horses

can be present in our National Parks in reasonable times, places, and manners which allow simultaneous protections for park resources, and the freedoms of speech, press, and assembly.

Harmony does exist in this world. But almost a century of overbroad Congressional delegation mega bills has ceded too much control to a 4th branch. The regulations in this case are not narrowly tailored and instead rely on an entirely discretionary *Compendium* which derives its authority from overbroad statutes and regulations. Harmony can be restored by this Court.

## II.     The 1st Amendment

The 1st Amendment demands "Congress make no law…abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." It is the Constitutional duty of this Court to declare any law unconstitutional found to abridge said freedoms.

It is well established that the 1st Amendment protects symbolic communication. If the burning of a flag is Constitutionally protected free speech, then me, horses, dogs, and a wagon traveling and speaking across the West is, too. *See e.g. United States v. Eichman*, 496 U.S. 310, 319, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990). Here, laws and regulations abridged my freedom to speak and assemble.

Bureaucrats creating and enforcing 1st amendment permits are regulating the content of my speech, namely speech via animals. If animals plow fields, provide therapy, detect bombs, and help the blind see, they certainly also can help convey specific content of speech, especially historical speech. YNP admits horses convey historical speech. YNP denies the content of my historical speech, but allows Xanterra's.

With respect to "content-based exclusion, [authorities] must show that [their] regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end." *Carey v. Brown*, 447 U. S. 455, 447 U. S. 461 (1980). These regulations prohibiting horses in national parks and Yellowstone are not narrowly tailored or equally enforced. If half the 1st Amendment zones and park roads allowed horses, that might be a narrowly tailored *Compendium* section.

Strict scrutiny applies here "where the government restricts the overall quantum of speech available to the election or voting process . . . [such as] where the quantum of speech is limited due to restrictions on . . . the available pool of circulators or other supporters of a candidate or initiative." *Yes On Term Limits, Inc. v. Savage*, 550 F.3d 1023, 1028 (10th Cir. 2008).

Here, quasi-executive-legislative bureaucrats took me and my team out of the pool of circulators or other supporters of me and my initiative to uncap our House of Representatives with Horses in a National Park. Their regulations and actions do not pass strict scrutiny.

Presently, without a single 1st Amendment "zone" or public road that allows horses, the current regulations are clearly not narrowly tailored to serve a compelling state interest. And no exception was made for me as have been made in the past. Why? To answer this question, the show must go on with a Preliminary Injunction and Discovery.

### III. *Bivens*

I do not need *Bivens* for my complaint to survive. *See Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) ("[T]he Court has altered its traditional rules of standing to permit—in the 1st Amendment area—'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.'")

But, yes, the *Bivens* claim should survive on nominal damages plus attorney fees. This official/individual capacity mess can be challenged by this Court amending the caption as Justice so requires.[1] The current U.S. Supreme Court may very well be itching to saddle the bureaucracy with *Bivens* actions. You get to decide which way we find out.

And yes, I have been damaged. America has been damaged. The damage continues as judgement is delayed.

## CONCLUSION

I pray this suit curbs the overbreadth of statutes which got us to the administrative state. The current legislative scheme in the National Park Service, which makes each Superintendent

---

[1] Plaintiff thereby requests Does 1-10 also be added in their individual capacity as defendants. They will be served when they become known to Plaintiff.

the legislator and enforcer of his *Compendium*, screams for selective or politicized enforcement. "I know permits have been issued allowing horse drawn vehicle travel in the park in the past." (Statement of Walter Clapp, Complaint p. 6.) *See also* YNP treatment of Xanterra's speech with horses under the same regulations.

None of the applicable statutes or regulations applied were narrowly or fairly tailored to limit abridgement of the 1st Amendment. The regulations derive from the gaps left in overbroad statutes.

And if the 1st Amendment's protections are at their zenith anywhere, it is so in the Political campaigns of our great Republic. *See Yes On Term Limits, Inc. v. Savage*, 550 F.3d 1023 (10th Cir. 2008).

In summary, the 1st Amendment is not toothless.

WHEREFORE, I, Walter D. Clapp, request that this Court (1) DENY the Government's MOTION TO DISMISS, (2) issue a PRELIMINARY INJUNCTION decreeing certain statutes, regulations, and compendiums unconstitutional, and affixing reasonable time, place, and manner uses of my horses and wagon to assemble for speeches in national parks through this winter and next summer; and (3) hold a SCHEDULING CONFERENCE to generate a scheduling order for this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 17, 2023

_____
Walter D. Clapp

## Certificate of Service

I hereby certify that on the 17th day of October, 2023, a copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** was served upon counsel of record by the following method(s):

_____ Hand Delivery

\_\_\_1\_\_\_\_ U.S. Mail, First Class

_____ Overnight Delivery Service

_____ Fax

\_\_\_1\_\_\_\_ Email


1. Nicholas Vassallo
   *via* Jasmine M. Peters
   AUSA
   PO Box 668
   Cheyenne, WY 82003-0668
   Jasmine.peters@usdoj.gov

*/s/ [signature]*