NICHOLAS VASSALLO
United States Attorney
JASMINE M. PETERS (WY Bar # 7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
jasmine.peters@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WALTER D. CLAPP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-00133-ABJ |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, and YELLOWSTONE NATIONAL PARK SUPERINTENDENT CAMERON SHOLLY, in his official capacity, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' REPLY BRIEF

Defendants, by and through the United States Attorney for the District of Wyoming and Assistant United States Attorney Jasmine M. Peters, submit *Defendants' Reply Brief*.

### INTRODUCTION

Plaintiff filed a federal lawsuit against the United States of America, several federal agencies, and a federal agent in his official capacity. Regardless of whether Plaintiff used a sample

form to file his complaint, Plaintiff is a licensed attorney. Plaintiff's excuses for how he filed his complaint, requests to amend his complaint, and requests to add defendants should be rejected.

The Court should dismiss the complaint with prejudice because Plaintiff failed to state a claim upon which relief may be granted and any amendment to his complaint would be futile. Plaintiff has failed to demonstrate how amending his complaint would survive *Egbert v. Boule*, 596 U.S. 482 (2022), or how this Court retains jurisdiction outside a *Bivens* cause of action. Moreover, as previously briefed and argued before this Court, Plaintiff's request to drive his horses and wagon on the roadway through the developed areas of Yellowstone National Park ("YNP") was properly denied pursuant to 36 C.F.R. § 2.16 and the YNP Superintendent's Compendium, and not in violation of the First Amendment. (*See* Doc. 6); (Doc. 12).

## ARGUMENT

Plaintiff's filings and arguments are erratic. Plaintiff filed this action under *Bivens*, handwrote in a request for emergency preliminary injunction on the complaint, asked the Court to add federal agents in their individual capacities to satisfy *Bivens*, continuously cites to "equity," and submitted a response to Defendant's motion to dismiss that does not contain cogent legal argument. Because Plaintiff is a licensed attorney, he is not entitled to the normal deference afforded to *pro se* parties. *See e.g.*, *Smith v. United States*, 2014 U.S. Dist. LEXIS 42202, at *6 n.2 (D. Colo. Feb. 6, 2014), *recommendation adopted by* 2014 U.S. Dist. LEXIS 42199 (D. Colo. Mar. 28, 2014) ("[A] plaintiff's 'status as a licensed attorney reduces the deference to which he is entitled as a pro se litigant.'"); *Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d 264, 271 (S.D.N.Y. 2001) (finding an attorney admitted to the bar does not merit traditional *pro se* deference). Accordingly, the Court should refrain from liberally construing his filings. *See Brooks*

*v. Colorado Dep't of Corr.*, 730 Fed. App'x 628, 629 (10th Cir. 2018); *United States v. Hald*, 8 F.4th 932, 949 n.10 (10th Cir. 2021).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007))). Plaintiff fails to satisfy basic pleading standards because he cannot state a claim under *Bivens*. *See Egbert*, 596 U.S. 482. Plaintiff only sued for nominal damages and a preliminary injunction under *Bivens*. (Doc. 1 at 4, 8). Plaintiff cannot maintain a *Bivens* cause of action, either against the named Defendants or for alleged First Amendment violations. *See Egbert*, 596 U.S. 482; (*see also Jackson-Mackay v. United States Marshals Service et al.*, Docket No. 0:22-cv-00029-ABJ, Doc. 9 at 7 (quoting *Smith*, 561 F.3d at 1099)).

In his response to the motion to dismiss, Plaintiff claims he does not "need" *Bivens* to survive. (Doc. 15 at 4). Yet, in the following paragraph he states the *Bivens* claim should survive on nominal damages plus attorney's fees and asks the Court to add unknown individual defendants to this action "as Justice so requires." (*See id.*). Plaintiff wants this Court to advocate on his behalf. The Court should reject Plaintiff's invitation because "[i]t is not . . . the 'proper function of the district court to assume the role of advocate for the *pro se* litigant.'" *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, the Court should find any amendment to the complaint would be futile because Plaintiff failed to demonstrate how this Court retains jurisdiction outside *Bivens*, and Plaintiff has

not established a plausible First Amendment violation.[1] (*See* Doc. 15); (Doc. 6); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (Dismissal with prejudice is appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (citation omitted)).

## CONCLUSION

For the reasons stated above and in *Defendants Brief in Support of Motion to Dismiss* (Doc. 14), this Court should dismiss the complaint with prejudice. Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff cannot maintain a *Bivens* action against the United States, federal agencies, or a federal agent in his official capacity. Furthermore, the Court should deny any request to amend the complaint because *Bivens* does not extend to Plaintiff's First Amendment claims. Finally, the Court should find Defendants did not violate Plaintiff's First Amendment right to free speech as articulated in *Defendants' Response to Request for Preliminary Injunction* (Doc. 6).

Dated October 24, 2023

                                              NICHOLAS VASSALLO
                                              United States Attorney

By:   */s/ Jasmine M. Peters*
        JASMINE M. PETERS
        Assistant United States Attorney

---

[1] It is elementary that the United States is immune from suit except when it consents to be sued. *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996); *see also Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225 (10th Cir. 2010) (dismissing the appeal for lack of jurisdiction due to sovereign immunity); *Salazar*, 607 F.3d at 1232 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)) ("The concept of sovereign immunity means that the United States cannot be sued without its consent.").

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Reply Brief* was filed and served on October 24, 2023 by the following means:

| | |
|---|---|
| Walter D. Clapp | [ ] By Facsimile |
| 301 North Platt | [X] By U.S. Mail – postage prepaid |
| P.O. Box 2043 | [ ] By Hand Delivery |
| Red Lodge, MT 59068 | [ ] By Overnight Courier |
| | [ ] By Electronic Mail |
| | [X] By Electronic Filing |

*/s/ Rob Gaulke*
Rob Gaulke
United States Attorney's Office