

**FILED**

**8:37 am, 5/16/24**

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

WALTER D. CLAPP,

    Plaintiff,

VS.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
THE INTERIOR, NATIONAL PARK
SERVICE, and SUPERINTENDENT
CAMERON SHOLLY, in his official
capacity,

    Defendants.

Case No. 23-CV-133-ABJ

## ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTION FOR RELIEF AND LEAVE TO AMEND HIS COMPLAINT

THIS MATTER comes before the Court upon Plaintiff's *Motion for Relief and Leave to Amend his Complaint*, filed on April 1, 2024. ECF No. 20. Defendants responded in opposition on April 15, 2024. ECF No. 21. Having considered the motion, applicable law, and being otherwise fully advised, the court finds Plaintiff's *Motion for Relief and for Leave to Amend his Complaint* (ECF No. 20) should be and hereby is **DENIED**.

## BACKGROUND

Much of the relevant factual background of this case was outlined in prior court orders. ECF No. 16; ECF No. 18. The Court presumes the parties' familiarity with those orders, and therefore includes only a brief recitation of the relevant facts herein.

1

Plaintiff, Walter D. Clapp, is a licensed attorney from Red Lodge, Montana who encountered difficulty executing his campaign for President of the United States of America when he sought to drive his team of horses through Yellowstone National Park. ECF No. 1. Plaintiff filed a *Complaint for Violation of Civil Rights* on July 28, 2023, under the jurisdictional basis of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States of America, United States Department of the Interior, National Park Service, and Yellowstone National Park Superintendent Cameron Sholly (collectively, "Defendants"). *Id.* Handwritten in blue ink across the face of the complaint were the words: "Request for Emergency Preliminary Injunction," and the Court interpreted as such. *Id.* at 1. In concluding that Plaintiff did not satisfy the considerations warranting a preliminary injunction, the Court denied Plaintiff's request on October 23, 2023. ECF No. 16.

On October 3, 2023, Defendants filed a *Motion to Dismiss Plaintiff's Complaint*, arguing Plaintiff could not maintain this action against the named parties and that amendment of Plaintiff's complaint would be futile. ECF No. 13; ECF No. 14. The Court granted Defendant's *Motion* and dismissed Plaintiff's Complaint on March 8, 2024. ECF No. 18. A final judgment was entered the same day. ECF No. 19. On April 1, 2024, Plaintiff filed the instant motion seeking post-judgment relief from the Court's dismissal and requesting leave to file an amended complaint under Rule 60(b). ECF No. 20.

## STANDARD OF REVIEW

"Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." *In re Gledhill*, 76 F.3d

1070, 1080 (10th Cir. 1996) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)). The Rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) is not intended to be a substitute for a direct appeal." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citing *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1356–57 (10th Cir.1985)). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990). "And the party requesting relief from judgment bears the burden of showing that relief is warranted." *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023).

## ANALYSIS

Mr. Clapp fails to articulate a clear legal basis for his motion but seems to rest his argument upon the notion that his "mistake, inadvertence, surprise, [and] excusable neglect" warrants the relief he seeks.[1] ECF No. 20 at 2 (citing Fed. R. Civ. P. 60(b)(1)).

---

[1] As the Court has previously concluded, Mr. Clapp is an attorney proceeding *pro se* in this matter. While the Court is generally obliged to construe pro se pleadings liberally, this liberal deference and leniency does not extend to licensed attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys."). As a

Defendants argue, and the Court agrees, that Plaintiff has failed to state a basis for Rule 60(b) relief.

Relevant here is the "mistake" provision, which "provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (citing *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1356–57 (10th Cir.1985)). Mr. Clapp deliberately filed and pursued this action in federal court, yet states he is only now prepared to "proceed with a more determined and distanced professional demeanor," as he was previously "mistaken" regarding the "formality" required. ECF No. 20 at 2–3. He argues that based on the Court's finding that he was "not likely to succeed on his asserted First Amendment claim," he mistakenly "believed that [his] First Amendment claims would survive the Defendants' Motion to Dismiss." ECF No. 20 at 2; *see also* ECF No. 16 ("Plaintiff's action is similarly unlikely to succeed when evaluated as a First Amendment freedom of speech violation."). This argument is unavailing.

Mr. Clapp has not presented an excusable litigation mistake warranting relief from final judgment. "Excusable litigation mistakes," the Tenth Circuit has held, "are not those which were the result of a deliberate and counseled decision by the complaining party."

---

general matter, the liberal construction afforded to litigants proceeding *pro se* is done so on the basis that these individuals are not represented or assisted by counsel, do not have legal training, and are otherwise unskilled in the law. *See Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018). Mr. Clapp, however, is a licensed attorney who has chosen to represent himself in this matter and the Court does not extend the same liberal deference and leniency to attorneys.

4

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Id.* Here, the Court cannot turn back time for Mr. Clapp. His mere misconceptions about the legal consequences of his decisions and purported misunderstandings in this matter are not appropriate grounds for the Court to remedy under Rule 60(b)(1).

Further, Plaintiff is not entitled to relief under Rule 60 for his decision not to seek leave of Court to amend his complaint. The Court explained, "Plaintiff has been on notice that his Complaint suffers from significant pleading deficiencies and the Plaintiff did not seek leave to amend or attempt to address these deficiencies, indicating that such deficiencies in his complaint are not attributable to Plaintiff's oversight or lack of knowledge." ECF No. 18 at 14. In fact, Plaintiff first received notice of his inadequate pleading on August 11, 2023, when Defendants responded to his request for a preliminary injunction. ECF No. 6. He did not seek leave to amend his complaint at any point during this litigation. Instead, he made several assertions through responsive pleadings and oral argument that "justice" allows the Court to amend his complaint to cure purported defects. ECF No. 7 at 4 ("I ask that my complaint be so reformed as to achieve justice."); ECF No. 15 at 4 ("This official/individual capacity mess can be challenged by this Court amending the Caption as Justice so requires."). The Court cannot act as Mr. Clapp's advocate and therefore declined to fix his pleadings *sua sponte*. ECF No. 16 at 8; *see also* ECF No. 18 at 7.

Through amendment, Plaintiff seeks a second bite at the apple. However, he has not shown any basis for relief from judgment. *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) ("Once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). Plaintiff's complaint was dismissed because it lacked the requisite factual and legal allegations necessary to state a claim for relief. The request for leave to amend similarly lacks factual and legal assertions for the Court to evaluate. Plaintiff fails to provide a proposed amended complaint, fails to assert a basis for jurisdiction, fails to show conferral with opposing parties, and fails to state a cognizable legal argument to support his request. *See* Fed. R. Civ. P. 15(a)(2); *see also* Local Rule 15.1. The Court is not required to "engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (internal quotation marks omitted); *see also Computerized Thermal Imaging, Inc. v. Bloomberg*, L.P., 312 F.3d 1292, 1300 (10th Cir. 2002) ("[H]aving produced no showing of how it would properly amend its pleadings or how newly discovered evidence warranted relief from dismissal, [the plaintiff] remains bound by the record it created."). Based on the foregoing, Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b).

## CONCLUSION

Accordingly, it is **HEREBY ORDERED** Plaintiff's *Motion for Relief and for Leave to Amend his Complaint* (ECF No. 20) is **DENIED**.

Dated this 16th day of May, 2024.

*Alan B. Johnson*
Alan B. Johnson
United States District Judge